The next case before us is 23-6159, United States v. Ruiz. Counsel for appellant, please make your appearance and proceed.  My name is Bonnie Bloomer. I'm an assistant federal defender, and I'm here on behalf of Ronnie Ruiz. The purpose of the Assimilative Crimes Act in cases like McGirt is not to bring Native folks into federal court and sentence them more harshly than folks in state court. The district court's incomplete interpretation of statute and precedent did just that for Mr. Ruiz. That is not what this body of law is for. Mr. Ruiz was eligible for probation under both the federal and the state statute. If Mr. Ruiz had been convicted in state court, the judge there would not have been required to impose a one-year term of incarceration for aggravated eluding. The district court was wrong to interpret precedent to require a mandatory prison term. For these reasons, this court should vacate Mr. Ruiz's sentence and remand him for resentencing. The Oklahoma aggravated eluding statute does not impose a mandatory minimum under the ACA. Mr. Ruiz was eligible to receive a probationary sentence here in federal court or a non-prison sentence. The district court ruled otherwise based on its interpretation of Polk, incorrectly believing that Polk required it to adhere to a mandatory one-year prison term through the non-application of the safety valve, specifically saying that Mr. Ruiz did not meet the requirements for the federal safety valve to allow the court to go below the minimum. But Polk was not addressing whether there was a mandatory minimum. Polk was specifically addressing what the defendant in Polk raised, which is that he said, I'm eligible under the state safety valve and you can give me a sentence below this number. That was the bottom of his particular statute. That's not the situation we have here. Mr. Ruiz is not asking this court and did not ask the district court to give him a sentence below his minimum. What we are asking for is a probationary sentence, essentially saying that there was no minimum under the assimilated state statute. The defendants in both Wood and Polk were asking the court to go below their minimum. Mr. Ruiz is not asking for that. Native folks are supposed to receive a light punishment under ACA. There is no minimum. Why isn't that a more dramatic ask than the one that took place in Wood? In a fortiori, why shouldn't Wood therefore say that your argument doesn't work? Wood was a case specifically about the mesh of the guidelines that were mandatory at the time pre-Booker with the conflict of the state statute. Section 991A was raised in that case, but that individual was talking about the availability of a suspended sentence and asking the court to essentially give it a sentence like that. Mr. Ruiz is not asking for a suspended sentence. That is not available in the federal court, as the district court noted, and that we acknowledged at sentencing. Mr. Ruiz is not relying on section 991 to say, I should get that type of sentence. He's relying on 991 to say the fact that it exists means that the minimum that's laid out in 540AB is not actually a minimum, that it does not say that a sentencing judge is required to sentence a person to incarceration for one year. That one to five year language functionally in state court under section 991 restricts the length of time of an incarceration sentence or even a suspended sentence because of how a suspended sentence works under that statute. The thing that makes Mr. Ruiz's case different from these other cases that seem fairly on point, Mr. Ruiz's situation is different because he is eligible under federal statute under 18 U.S.C. 3551 and 3561. That's part of that chapter. He's eligible under state statute because there's no minimum 540AB. The analysis that should be applied to Oklahoma's 540AB is the same analysis that was given to the New Mexico statute in Jones, where Jones essentially said, we understand that there's this language in the face of the statute that seems to lay out a minimum or a New Mexico statute, a basic sentence, and then gives prescriptive language that says, in no case shall a sentencing judge go below two thirds of this basic sentence. But then Jones recognizes that there is a separate New Mexico statute in a separate section that says sentencing judges are permitted to defer, suspend sentences, to give a sentence to a person that doesn't involve incarceration at all. And because of that existence of that statute and how New Mexico's reads together, that there was no minimum to apply to the defendant in Jones. That is the analysis that should be done here for Mr. Ruiz. But in this case, we aren't talking about a separate statute, right? We're talking about aspects of the same statute. They are separate. Essentially, that there's the language within the statute that criminalizes conduct. So in Oklahoma, 21 OS 540AB, the aggravated looting statute, lays out the punishment. But we look to section 991A of Title 22 of the Oklahoma statutes to give us the overarching guidance for how a judge is supposed to interpret language within each individual statute. We do that in federal court. In 3551, sentencing judges are told how they sentence every defendant. And then within that, they look to the individual statute to see what the actual term is, what the conditions are. 3551 says that a person is generally eligible for probation. And then 3561 lays out the times where somebody is not eligible for probation. 3561 gives those three particular conditions. And then one of them says, there's two that don't apply, and I think even the government acknowledges that. It's section B of that part that says, unless it's expressly precluded. So 3551 and 3561 also function together to let a court know what type of sentence they can give to an individual when they're sentencing them under Title 18 or whatever in a normal federal criminal conviction. We do not look at statutes in a vacuum. We do not look at just an individual criminal offense and look at that language and then say, that's it, we're done. And that is essentially what has been happening, and that's what this court should not do, because we don't look at statutes in a vacuum. That's a general understanding, a general rule of statutory construction. And you described a variety of overarching principles that would guide how a federal court sentences a defendant for an offense. I take it by that description that you're accepting that those overarching principles would apply in a case, in every case, in which a federal court sentences a defendant, right? Yes, Judge. Okay. Well, if that's true, then why is not the overarching principle related to safety valve one that would govern as well? I mean, it is a matter of how one makes a sentence in federal court that if you aren't eligible for a safety valve, you don't get. You don't go below a mandatory minimum, right? Yes, Judge. The application of safety valve in this case is not appropriate under Mr. Ruiz's circumstance, because what we are asserting is that there's not a minimum to need to go below. The bottom is a suspended, it's a probation, it's a deferred sentence, it's a non-incarceration sentence. And what about United States v. Troy, which the government cites in its brief in response? What do you do with that case where the First Circuit rejected the notion that probation could exist as an alternative to mandatory minimum sentence? I know it's not controlling, but talk to me about what you think about that case. The language there, they were talking about whether it's an express preclusion by virtue of a statute saying a person must receive a prison term of 5 to 10 years, 1 to 10 years, whatever the number is. But that doesn't exactly make a lot of sense, because the whole idea of something being expressed is that it is stated. And in those, it's not stated.  And it doesn't say in 3561, for example, that you're not eligible for probation if it's precluded or if it's impliedly precluded. It says expressly precluded. The times that express preclusion is used in those statutes is talking specifically about statutes that say with specific words, for example, in 18 U.S.C. 841, the court shall not place on probation or suspend the sentence of any person sentenced under this paragraph. That's the type of express preclusion language that 3561 is referencing. The First Circuit case and the Ninth Circuit case that the government references say that when there's a mandatory minimum, that that's an express preclusion. But that's not an express preclusion. It's potentially an implied preclusion. But it would depend also then under the ACA how each state interprets their statute of their language. If there's a mandatory minimum and then Congress defines circumstances under which you can go below the mandatory minimum, doesn't by principles of statutory construction that tell you that you can't reach outside those circumstances to state law and plug in one that says that, oh, no, now Congress says this is a mandatory minimum in order to get below this mandatory minimum. And there are only a limited number of circumstances when you can do that. You have to be eligible for the safety valve. You aren't eligible for the safety valve. At that point, why would it be appropriate, given that Congress has enumerated the instances in which you can get below that mandatory minimum, that you can go to state law and plug in something? So in this case, we're not looking at a specific federal mandatory minimum. There is no like sentence for aggravated eluding in federal statute. And that's why we use the ACA to pull from state court. And we look at state court under Garcia and I think Martinez that talk about when we're determining what a like punishment is, we look to state statute who determines the bounds of a sentencing range, a 1 to 5 in this case, for example. But under the Jones case and statutory construction concepts, that there is no mandatory minimum that's being pulled from the state case in this circumstance. So even though the federal statute, the federal safety valve would mean that there's a mandatory minimum, there's only one way around it through the safety valve. There's not a federal mandatory minimum in this case. No, but there is a state mandatory minimum that's been assimilated into federal law. And why wouldn't it then be appropriate to treat it like you would a federal mandatory minimum? It's not a mandatory minimum. It says not less than one year, right? What am I missing? So it says that and then you have to look to 991 to understand what that language means. That 1 to 5 years is actually a bound on either a length of incarceration that a judge can impose. It's also the bound on the length of a suspended sentence. In state court, a suspended sentence is actually a sentence to incarceration where the judge says, I'm sentencing you to, for example, four years of prison, but I'm suspending the sentence. Under 548B, a defendant would not be permitted to get a suspended sentence below one year. That one year is a limitation even on a suspended. So if a court wanted to give Mr. Ruiz, if he were in state court, a six-month suspended sentence, it could not do that. It would be bound by 991 and 548B as read together. So 1 to 5 is the limitation on both of those types of sentences. Certainly the language looks like it's talking exclusively about prison, but New Mexico's looked like that also. And that is not the case because of New Mexico's overarching sentencing scheme in Section 18 instead of their Section 15. What do you say about United States versus Mason? Mason is very similar to the argument that Mr. Ruiz is making, largely with the basis of urging that Section 991 essentially obliterates the minimum. The distinction here is that this court did not grapple with the idea of statutory construction, 991 being analogous to 3551 as an overarching guide for how to interpret 548B or the burglary statute in that case. The second issue is that Mr. Ruiz is asserting that he is eligible under federal statute separately, that when the district court in that case is looking at what types of sentences are available, that the federal statute still allows that. The government did not object to that during sentencing procedure and did not object when we were arguing in front of the court. Are you saying that Mason was wrongly decided then? I think Mason is wrongly decided to the extent that Mr. Ruiz is raising an additional argument and that Mason doesn't fully acknowledge the effect of 991 on how a state court in Oklahoma truly interprets what the individual punishment language means. I thought you were admitting that your argument here is very similar to that made in Mason. It is very similar, essentially saying that that's what 991 does, but in terms of an additional argument where I'm analogizing 991 to 3551 in terms of an overall statutory construction. So we would have to say Mason, we would, as this panel, would have to say then that Mason got it wrong. Yes, Judge, mostly. I don't think we can do that, can we, counsel? Acknowledging here, though, that Mr. Ruiz has a different circumstance where he's alleging that he is still eligible under federal statute and that those federal statutes control when there's nothing else that conflicts. I admit that you acknowledge, I understand you're making a discrete argument than the one that was in Mason. Was 991 at issue in Mason? I mean, did they make other arguments relative to that? I see that I'm out of time, Your Honor, may I respond? Please answer. Yes, they did talk about 991 fairly lengthy. Okay, thank you. Thank you. May it please the Court, Stephen Kreger on behalf of the United States. The district court properly concluded that a stand-alone sentence of probation was not permitted in this case. Most of the discussion with regard to Title 22 of Section 991A of the Open Law Statutes I think can be summarily rejected in light of both Wood and Mason. This Court has grappled with 991A and fairly explicitly said that it is not assimilated into federal law. This leaves the stand-alone argument under 18 U.S.C. Section 3551B1 and 3561A. Those two statutes authorize a sentence of probation subject to what other statutes say and specifically at issue here 3561A2 prohibits the imposition of a stand-alone sentence of probation if, quote, the offense is an offense for which probation has been expressly precluded. This gets into the question of whether or not there's a statutory minimum. Mason answers that question. It explains that the phrase not less than is, quote, traditionally associated with a mandatory minimum. This Court has routinely read Oklahoma's use of not less than as establishing a statutory mandatory minimum. Thus, the question about if it's expressly precluded hinges on whether the imposition or the definition of a statutory mandatory minimum expressly precludes a stand-alone sentence of probation. As Judge Holmes mentioned, there's Troy in the First Circuit. There's also Mueller in the Ninth Circuit that have both said a statutory mandatory minimum sentence expressly precludes probation. Opposing counsels argued that how can you have implied, how can an implication be expressed? And I think simply put, Congress is presumed to know, be aware of background principles of sentencing law. And the background principles of sentencing law with regard to statutory mandatory minimums is that they are mandatory minimums. They are the minimum that must be imposed. And so because there is a minimum term of imprisonment that must be imposed, a stand-alone sentence of probation simply is not authorized. Unless the Court has any further questions, I think that pretty well wraps it up. I'd ask that you affirm the judgment and sentence below. Thank you. Thank you. The case is submitted. Counsel, you have one minute if you want it. Judge, I think it's important that the analysis performed on the New Mexico statute in Jones is somehow distinguished in the Mason case. Mason says, we can't give the treatment we gave to New Mexico to Oklahoma because Oklahoma has this mandatory not less than language. But that is a distinction without a difference. New Mexico's statute has the same exact structure, the same exact setup, the same exact controlling language up front that would seem to imply there's a mandatory minimum prison term. Oklahoma has that same appearance. The Court in Jones, the Tenth Circuit dug below that, and this Court should do that here as well. Thank you. Thank you, counsel. Thank you. Cases are submitted. The last case for this morning is on the Brees, which is 23-1311, Straker v. Stanford. Consequently, we are in recess until tomorrow at 8.30 a.m. Thank you.